# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARTER PAGE, an individual, | : | |
| | : | |
| Plaintiff, | : | C.A. No. S20C-07-030 CAK |
| | : | |
| v. | : | |
| | : | |
| OATH INC., a corporation, | : | |
| | : | |
| Defendant. | : | |

Date Submitted: January 6, 2021
Date Decided: January 11, 2021

## <u>MEMORANDUM OPINION AND ORDER</u>

*Opinion following the Issuance of a Rule to Show Cause*

Sean J. Bellew, Esquire, BELLEW LLC, 2961 Centerville Road, Suite 302, Wilmington, DE 19808. Attorney for Plaintiff.

John M. Pierce, Esquire, PIERCE BAINBRIDGE P.C., 355 S. Grand Ave., 44th Floor, Los Angeles, CA 90071. Attorney for Plaintiff. *Pro Hac Vice*

K. Lawson Pedigo, Esquire, MILLER KEFFER & PEDIGO PLLC, 3400 Carlisle Street, Suite 550, Dallas, TX 75204. Attorney for Plaintiff. *Pro Hac Vice*

L. Lin Wood, Esquire, L. Lin Wood, P.C., P.O. Box 52584, Atlanta, GA 30355. Attorney for Plaintiff. *Pro Hac Vice*

**T. Brad Davey, Esquire and Jonathan A. Choa, Esquire, Potter Anderson & Corroon LLP, Hercules Plaza, P.O. Box 951, Wilmington, DE 19899. Attorney for Defendant**

**Elbert Lin, Esquire and David M. Parker, Equire, Hunton Andrews Kurth LLP, 951 E. Byrd Street, Richmond, VA 23219. Attorney for Defendant.** *Pro Hac Vice*

**Jonathan D. Reichman, Esquire and Jennifer Bloom, Esquire, Hunton Andrews Kurth LLP, 200 Park Avenue, New York, NY 10166. Attorney for Defendant.** *Pro Hac Vice.*

Several weeks ago, and pursuant to Superior Court Civil Rule 90.1, I issued a Rule to Show Cause why the approval I had given to L. Lin Wood, Esquire to practice before this Court in this case should not be revoked. Mr. Wood is not licensed to practice law in Delaware. Practicing *pro hac vice* is a privilege and not a right. I respect the desire of litigants to select counsel of their choice. When out of state counsel is selected, however, I am required to ensure the appropriate level of integrity and competence.

During the course of this litigation, a number of high profile cases have been filed around the country challenging the Presidential election. The cases included, *inter alia,* suits in Georgia, Wisconsin and Michigan. Opinions were delivered in all of the States which were critical in various ways of the lawyering by the proponents of the lawsuits. In the Rule to Show Cause, I raised concerns I had after reviewing written decisions from Georgia and Wisconsin. Specifically, in Georgia, a lawsuit filed by Mr. Wood resulted in a determination that the suit was without basis in law or fact. The initial pleadings in the Wisconsin case were riddled with errors. I had concerns as listed in the Rule to Show Cause.

I gave Mr. Wood until January 6, 2021 to file a response. He did so at 10:09 p.m., January 6. The response focused primarily upon the fact that none

3

of the conduct I questioned occurred in my Court. The claim is factually correct. In his response, Mr. Wood writes:

> Absent conduct that prejudicially disrupts the proceedings, trial judges have no independent jurisdiction to enforce the Rules of Professional Conduct.

Mr. Wood also tells me it is the province of the Delaware Supreme Court to supervise the practice of law in Delaware and enforce our Rules of Professional Conduct. With that proposition I have no disagreement. In my view it misses the point and ignores the clear language of Rule 90.1. The response also contains the declaration of Charles Slanina, Esquire. I know Mr. Slanina and have the highest respect for him, especially for his work and expertise in the area of legal ethics. His declaration here focused on my lack of a role in lawyer discipline and was not helpful regarding the issue of the appropriateness and advisability of continuing *pro hac vice* permission.

Rule 90.1(e) reads in full:

> Withdrawal of attorneys admitted *pro hac vice* shall be governed by the provisions of Rule 90(b). The Court may revoke a *pro hac vice* admission *sua sponte* or upon the motion of a party, if it determines, after a hearing or other meaningful opportunity to respond, the continued admission *pro hac vice* to be inappropriate or inadvisable.

The standard then I am to apply is if the continued admission would

4

be inappropriate or inadvisable.

I have no intention to litigate here, or make any findings, as to whether or not Mr. Wood violated other States' Rules of Professional Conduct. I agree that is outside my authority. It is the province of the Delaware Office of Disciplinary Counsel, and ultimately the Delaware Supreme Court, or their counterparts in other jurisdictions, to make a factual determination as to whether Mr. Wood violated the Rules of Professional Conduct. Thus, the cases cited by Mr. Wood are inapposite and of no avail. In *Lendus, LLC v. Goode*, 2018 WL 6498674 (Del. Ch. Dec. 10, 2018) and *Crumpler v. Superior Court, ex. rel New Castle County*, Del. Supr., 56 A.3d 1000 (Del. 2012), the courts allowed the foreign lawyer to withdraw as *pro hac vice* counsel and referred alleged ethical violations to the Office of Disciplinary Counsel. Neither of those is happening here. Similarly, in *Kaplan v. Wyatt*, 1984 WL 8274 (Del. Ch. Jan. 18, 1984), Chancellor Brown, on very different facts, allowed *pro hac vice* counsel to continue his representation but stressed that this did not constitute approval of his conduct and that ethical violations could be addressed elsewhere.

What I am always required to do is ensure that those practicing before me are of sufficient character, and conduct themselves with sufficient civility and truthfulness. Violations of Rules of Professional Conduct are for other entities to

5

judge based upon an appropriate record following guidelines of due process. My role here is much more limited.

In response to my inquiry regarding the Georgia litigation Mr. Wood tells me he was (only) a party, and the case is on appeal. He also tells me that the affidavit filed in support of the case only contained errors. Neither defense holds merit with me. As an attorney, Mr. Wood has an obligation, whether on his own or for clients, to file only cases which have a good faith basis in fact or law. The Court's finding in Georgia otherwise indicates that the Georgia case was textbook frivolous litigation.

I am also troubled that an error-ridden affidavit of an expert witness would be filed in support of Mr. Wood's case. An attorney as experienced as Mr. Wood knows expert affidavits must be reviewed in detail to ensure accuracy before filing. Failure to do so is either mendacious or incompetent.

The response to the Rule with regard to the Wisconsin complaint calls the failings "proof reading errors". Failure to certify a complaint for

injunction or even serve the Defendants are not proof reading errors. The Complaint would not survive a law school civil procedure class.[1]

Prior to the pandemic, I watched daily counsel practice before me in a civil, ethical way to tirelessly advance the interests of their clients. It would dishonor them were I to allow this *pro hac vice* order to stand. The conduct of Mr. Wood, albeit not in my jurisdiction, exhibited a toxic stew of mendacity, prevarication and surprising incompetence. What has been shown in Court decisions of our sister States satisfies me that it would be inappropriate and inadvisable to continue Mr. Wood's permission to practice before this Court. I acknowledge that I preside over a small part of the legal world in a small state. However, we take pride in our bar.

One final matter. A number of events have occurred since the filing of the Rule to Show Cause. I have seen reports of "tweets" attributable to Mr. Wood. At least one tweet called for the arrest and execution of our Vice-President. Another alleged claims against the Chief Justice of the Supreme Court of the United States which are too disgusting and outrageous to repeat. Following

---

[1]Mr. Wood in his response tells me he is not responsible, as he is listed as "Counsel for Notice". My reading of the docket is he was one of the counsel of record for the Plaintiffs, and thus fully responsible for the filing. Moreover, since I am not addressing choice of law issues with respect to professional misconduct, Delaware Rule of Professional Conduct 8.5 need not be discussed. Nor am I imposing any sanctions under Delaware Superior Court Civil Rule 11.

on top of these are the events of January 6, 2021 in our Nation's Capitol. No doubt these tweets, and many other things, incited these riots.

I am not here to litigate if Mr. Wood was ultimately the source of the incitement. I make no finding with regard to this conduct, and it does not form any part of the basis for my ruling. I reaffirm my limited role.

I am revoking my order granting Lin Wood, Esquire the privilege of representing the Plaintiff in this case. Given my ruling, here the hearing scheduled for January 13, 2021 is cancelled.[2] My staff will contact the parties to schedule as soon as possible a date for argument on the Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Craig A. Karsnitz

cc:    Prothonotary

FILED PROTHONOTARY SUSSEX COUNTY 2021 JAN 11 P 1:16

---

[2]Rule 90.1 requires either a hearing on the issue or other meaningful opportunity to respond. Mr. Wood was afforded the latter.

8